**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JASON POLLAK,

    Plaintiff – Appellant,

v.

LILLIAN MCKENZIE STRONG,

    Defendant – Appellee.

No. 24-2183
(D.C. No. 1:24-CV-00494-JMC-JFR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Jason Pollak appeals from an order of the district court dismissing Pollak's

42 U.S.C. § 1983 suit for failure to state a viable claim for relief and denying in part

several of Pollak's associated motions. This court exercises jurisdiction pursuant to

28 U.S.C. §1291 and **affirms**.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor Plaintiff-Appellant Jason Pollak's request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] To the extent Pollak appeals from the order of the district court denying his Fed. R. Crim. P. 59(e) Motion to Alter or Amend, this court lacks jurisdiction. The district court entered its dismissal order on November 25, 2024. That same day, the district court entered a separate judgment. On December 5, 2024, Pollak filed his

In a thorough and comprehensive order, the district court ruled as follows: (1) Pollak's § 1983 action against Lillian Strong failed to state a valid claim because Strong did not act under color of state law and Pollack's Third Amended Complaint failed to state a viable claim that Strong conspired with New Mexico state judicial actors; (2) Pollak's various motions to recuse must be denied because they relate to judges not assigned to hear the case and, at base, assert dissatisfaction with the district court's merits rulings, an invalid basis to seek recusal; (3) Pollak's request for sanctions against Strong would be granted in part, to the extent Strong is admonished to comply with applicable Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of New Mexico, and denied in part, to the extent Pollack sought an award of monetary sanctions against Strong; and (4) Pollack's motion to dismiss Strong's counterclaim with prejudice would be

---

timely Rule 59(e) motion. On December 17, 2024, Pollak filed a notice of appeal, specifically designating the order of dismissal and separate judgment entered by the district court on November 25, 2024. On December 20, 2024, this court abated Pollak's appeal pending the district court's disposition of Pollack's Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A) (providing that the time for the filing of a notice of appeal is tolled during the pendency of a timely filed, inter alia, Rule 59 motion); Fed. R. App. P. 4(a)(4)(B)(i) (providing that any notice of appeal filed after entry of final judgment, but before the district court disposes of an, inter alia, Rule 59 motion "becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of" the Rule 59 motion is entered). The district court entered its order denying Pollak's Rule 59 motion on June 17, 2025. This court lifted its abatement on June 27, 2025, and the case proceeded to briefing. Notably, however, Pollak did not file a new or amended notice of appeal designating the district court order denying his Rule 59 motion. Thus, this court lacks jurisdiction to review that order. *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1009-10 (10th Cir. 2018). Accordingly, this court must confine its review to the district court's underlying November 25, 2024, order of dismissal.

2

granted in part, as to those aspects of the counterclaim sounding in federal law, and denied in part, as to those aspects of the counterclaim based on state law, which would be dismissed without prejudice through a discretionary declination of supplemental jurisdiction. For the cogent and correct reasons set out in the district court's order, this court affirms.[2]

This court reviews de novo the district court's dismissal for failure to state a claim. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Even read with the utmost liberality, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Pollack's Third Amended Complaint does not state sufficient facts to demonstrate Strong acted under color of state law or conspired with state actors. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020) (quotation omitted). "[T]he mere acquiescence of a state official in the actions of a private party is not sufficient" to state a § 1983 claim. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442,

---

[2] Although Pollak's brief on appeal sets out seventeen numbered paragraphs of alleged errors on the part of the district court in resolving this case, those assertions overlap and relate to each of the district court's various merits rulings. Thus, it makes the most sense to follow the district court's organization in resolving the general issues Pollak raises on appeal. To the extent this opinion does not specifically address any particular contention set out in Pollak's brief, we note we have considered all of Pollak's arguments and, whether or not explicitly addressed, conclude none have merit. *See United States v. Stilley*, No. 24-5133, 2025 WL 2718277, at *2 (10th Cir. Sept. 24, 2025) (unpublished disposition cited solely for its persuasive value) ("To the extent [appellant] raises other issues we have not explicitly discussed, we have considered them and find them to be meritless.").

1453 (10th Cir. 1995). Moreover, and in direct contradiction to the bulk of Pollak's arguments on appeal, the mere fact Strong resorted to New Mexico state court does not mean she has engaged in state action. *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

This court reviews a district court's denial of a motion to disqualify a judge for abuse of discretion. *Burke v. Regalado*, 935 F.3d 960, 1052 (10th Cir. 2019). "Under this standard, we will not reverse unless the trial court has made an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017) (quotations omitted). The district court did not abuse its discretion in denying Pollack's motions to recuse. "[A] motion to recuse cannot be based solely on adverse rulings." *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988). Likewise, any solicitude the district court directed to Strong's pro se filings in an effort to secure "the just, speedy, and inexpensive determination" of this action was completely within the district court's broad discretion. *See* Fed. R. Civ. P. 1. This court's review of the record does not reveal any evidence of bias or partiality.

This court reviews for abuse of discretion the district court's refusal to impose upon Strong monetary sanctions. *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991) ("In reviewing a district court's decision to impose Rule 11 sanctions, we apply an abuse of discretion standard to both the court's resolution of factual issues and its decision that a pleading was not warranted by existing law or a good faith argument for changing the law."). The district court acted

4

reasonably, and entirely within its discretion, in concluding Strong's failures to comply with the Civil and Local rules was best dealt with through an admonishment and, implicitly, that Strong's counterclaim was not frivolous or brought in bad faith.

This court reviews for abuse of discretion the district court's jurisdiction-based, without-prejudice dismissal of any state-law aspects of Strong's counterclaim. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Indeed, "[w]hen all federal claims have been dismissed, the court . . . usually should[] decline to exercise jurisdiction over any remaining state claims." *Koch*, 660 F.3d at 1248 (quotation omitted). The district court acted well within the bounds of its abundant discretion when it declined to exercise jurisdiction over state-law aspects of Strong's counterclaim and, instead, dismissed those state-law aspects without prejudice.

For all those reasons set out above, the judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court

Judge Michael R. Murphy
Circuit Judge

5